IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL MICHAEL OLIVER, <br><br> Defendant. | No. 9:21-CR-8 |

## REPORT AND RECOMMENDATION

Pending is the Defendant, Paul Michael Oliver's, *Pro Se Motion to Return Property and Motion for Full Evidentiary Hearing* (Dkt. #52), which was referred to the undersigned Magistrate Judge for recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(A). The undersigned reviewed the motion and Government's response and recommends denying Oliver's motion.

Oliver pled guilty to Count Two of the Indictment, which charged a violation of 21 U.S.C. §841(a)(l), possession with intent to distribute a controlled substance namely, methamphetamine actual in an amount of fifty (50) grams or more. (Dkt. #32.) Oliver's plea agreement states that he

> agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title, and interest to the following property which is subject to forfeiture pursuant to Title 21 U.S.C. § 853, Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c):
>
> a. A total sum of money equal to $5,850 in United States currency, the amount of proceeds the defendant would have obtained as a result of the drug trafficking offense alleged in Count Two of the indictment.

(Dkt. #32, p. 3-4.) On March 2, 2022, he was sentenced to 235 months' imprisonment, with 5 years of supervised release to follow. (Dkt. #43.) On March 7, 2022, Judge Heartfield issued a *Final Order of Forfeiture* (Dkt. #47) for $5,850.00. On November 16, 2023, Magistrate Judge Aileen Goldman Durrett executed a *Warrant to Seize Property Subject to Forfeiture* (Dkt. #52, p. 17) for $5,950[1] to be seized from Oliver's Bureau of Prisons trust account, which was received by the United States Marshals Service via check # 403952127842 on November 28, 2023. (Dkt. #52, p. 15.)

The Government filed a *Motion for Preliminary Order of Forfeiture of Defendant's Substitute Property* (Dkt. #49) on January 2, 2024. Attached to the motion was Deputy United States Marshal Beatrice Pharr's supporting affidavit stating that "cash proceeds could not be located at the time of the investigation and prosecution of Oliver, despite the exercise of due diligence." (Dkt. #49-2.) On January 5, 2024, Judge Crone granted the Government's motion to retain the $5,850 seized from Oliver's BOP trust account and pay the outstanding $100 special assessment to the Clerk of Court. (Dkt. #50.)

Now, in his instant *pro se* motion, Oliver asks the Government to return $5,950 in United States currency seized pursuant to the federal order granting forfeiture of substitute property. He claims that he *previously* forfeited $5,850 when it was taken from his person at the time of his arrest in Polk County, Texas, and this was memorialized in his state civil forfeiture proceedings. He "contends that the $5,850.00 taken by Polk County officials, State of Texas via forfeiture, [are] the funds to which [he] agreed per his plea agreement that the United States government is so entitled," and that confiscation of $5,950 from his prison trust fund constitutes double forfeiture. (Dkt. #51, p. 2.) However, Oliver's assertion that Polk County officials seized $5,850

---

[1] The Government sought $5,950, which includes the unpaid special assessment of $100. *See* Dkt. #49-2, p. 3.

is incorrect—he only had $5,691 in his possession at the time of his arrest that was seized. Furthermore, his argument fails for the reasons discussed below.

## Polk County Forfeiture

The Government filed a reply on February 6, 2024 (Dkt. #55) and attached the Polk County *Notice of Seizure and Intended Forfeiture* and *Agreed Final Judgment*, signed by The Honorable Travis Kitchens, 258th Judicial District Court. The *Agreed Final Judgment* (which Oliver also signed) memorializes the agreement that Oliver forfeited his interest in *$5,691* (seized at the time of his arrest) to the State of Texas. The *Agreed Judgment* reflects that the $5,691 is "contraband and subject to forfeiture."

## Federal Forfeiture

Oliver's plea agreement in the instant case, signed by Oliver and his counsel, states that Oliver agrees " . . . to forfeit to the United States . . . a total sum of money equal to $5,850.00 in United States currency, representing the amount of proceeds the Defendant would have obtained as a result of the drug trafficking offense alleged in Count Two of the Indictment." (Dkt. #32, p. 3-4.) Ultimately, Oliver was sentenced to 235 months' imprisonment on Count Two of the Indictment, and a *Final Order of Forfeiture* was entered on March 7, 2022, ordering Oliver to forfeit his interest in the $5,850 and the $100 special assessment to the United States. (Dkt. #45.) On January 2, 2024, the Government filed a *Motion for Preliminary Order of Forfeiture of Defendant's Substitute Property in Satisfaction of Money Judgment*, which alleged that Oliver had not satisfied the outstanding money judgment despite nearly $30,000 in his prison trust account. (Dkt. #49.) Pursuant to a seizure warrant, the Government seized $5,950 from Oliver's prison trust account, which represents the unpaid $5,850 money judgment and the unpaid $100 special assessment fee. (*Id.*) Judge Crone signed the *Preliminary Order of Forfeiture Relating*

*to Substitute Property of Defendant* on January 5, 2024, granting the Government's motion. (Dkt. #50.)

## Recommendation

Oliver made separate agreements in two distinct state and federal cases. The first—to forfeit $5,591 in his possession at the time of his arrest to Polk County pursuant to Chapter 59 of the Texas Code of Criminal Procedure. The *Agreed Judgment* states these proceeds are "contraband and subject to forfeiture." (Dkt. 55, p. 14.) The second—to forfeit $5,850 to the Federal Government, which represents "proceeds [he] *would have* obtained as a result of the drug trafficking offense alleged in Count Two of the Indictment."[2] (Dt. #32, p. 4) (emphasis added). These agreements are separate and individually enforceable. *See* 21 U.S.C. § 853(a). Furthermore, he was ordered to pay a special assessment criminal monetary penalty of $100, which was satisfied from the amount seized from his prison account. (Dkt. #45, p. 6.) Accordingly, the undersigned recommends denying Oliver's *Pro Se Motion to Return Property and Motion for Full Evidentiary Hearing* (Dkt. #52).

## Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Crim. R. CR-59(c). A party who objects to this Report is entitled to a de novo determination by the United States District Judge of those proposed findings and

---

[2] The Government asserts that $5,850 represents the amount of money Oliver would have received if he had sold the drugs in his possession at the time of his arrest.

recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge