**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| *versus* | § | CASE NO. 9:21-CR-8 |
| | § | |
| | § | |
| PAUL MICHAEL OLIVER | § | |

**ORDER ADOPTING THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending is the Defendant, Paul Michael Oliver's, *Pro Se Motion for Return of Property and Motion for Full Evidentiary Hearing*. (Dkt. #52.) The court referred this motion to United States Magistrate Judge Zack Hawthorn for consideration pursuant to Title 21 U.S.C. § 636(b)(1)(A) and (3) and the Local Rules of The United States District Court for the Eastern District of Texas. On June 14, 2024, Judge Hawthorn entered a report recommending denying the Defendant's motion. (Dkt. #58.) Oliver's deadline to file objections was extended, and he filed objections to the magistrate judge's report on August 12, 2024. (Dkt. #63.)

I.

Oliver objects to Judge Hawthorn's recommendation on two grounds. First, he argues that he did not have counsel for the state forfeiture proceeding and was unaware that the cash forfeiture for the federal proceedings was separate and distinct from the cash forfeiture in the state proceeding. This objection is without merit. Unlike criminal defendants, respondents in civil forfeiture proceedings do not have the right to court-appointed counsel. *$1,608.00 In U.S. Currency v. State,* No. 06-14-00084-CV, 2015 WL 1448675, at *1 (Tex. App. Mar. 31, 2015) ("[Defendant] was not entitled to court-appointed counsel in this statutory civil forfeiture

proceeding.") Moreover, the state civil *Agreed Final Judgment*, which bears Oliver's signature, unequivocally states that Oliver agreed to forfeit "five thousand six hundred ninety one dollars ($5,691.00)" that represents "contraband and subject to forfeiture." (Dkt. #55, p. 13.) In comparison, the amount identified in the federal *Order of Forfeiture* is different—"a sum of money equal to $5,850," which represents the amount of money the "defendant *would have* obtained as a result of the drug trafficking offense." (Dkt. 32, p. 3-4.) Furthermore, the plea agreement in his federal case states:

> This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

(Dkt. #32, p. 7.) As Judge Hawthorn noted in his report, Oliver made separate agreements in two distinct state and federal cases. The first—to forfeit $5,961 in his possession at the time of his arrest to Polk County pursuant to Chapter 59 of the Texas Code of Criminal Procedure. The second—to forfeit $5,850 to the Federal Government, which represents "proceeds [he] *would have* obtained as a result of the drug trafficking offense alleged in County Two of the Indictment." (Dkt. #32, p. 4) (emphasis added). These agreements are separate and individually enforceable. *See* 21 U.S.C. § 853(a).

II.

Oliver also claims to have paid the $100 special assessment via the Bureau of Prison's Corrlinks Website on October 6, 2023. The court confirmed that a $100 special assessment payment was posted on November 1, 2023, and a subsequent "overpayment" of $100 was posted on December 29, 2023. *See* Ex. 1. Accordingly, the Clerk of Court shall reimburse Oliver the $100 overpayment to his attention, USM #30392-509, at the Federal Correction Institution in Pollock, PO Box 4050, Pollock, Louisiana, 71467.

III.

This court finds that the magistrate judge correctly concluded that the motion should be denied. Accordingly, it is

**ORDERED** that Defendant's *Objections to Magistrate Judge's Report and Recommendation* (Dkt. #63) are **OVERRULED**, the magistrate judge's report (Dkt. #58) is **ADOPTED**, and the *Pro Se Motion for Return of Property and Motion for Full Evidentiary Hearing* (Dkt. #52) is **DENIED**.

SIGNED at Beaumont, Texas, this 18th day of October, 2024.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

# Exhibit 1

# U.S. Courts
## Case Inquiry Report
### Case Number: DTXE921CR000008; Party Number: N/A; Payee Code: N/A
### Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y

**Case Number** DTXE921CR000008 **Case Title** USA V. OLIVER

**Summary Party Information:**

| Party# | Party Code | Party Name | Account Code | Debt Type | JS Account # | Total Owed | Total Collected | Total Outstanding |
|---|---|---|---|---|---|---|---|---|
| 001 | TXE2448 | PAUL MICHAEL OLIVER | TXEA921CR-000081 | SPECIAL PENALTY ASSESSMENT | | 100.00 | 100.00 | 0.00 |
| 001 | TXE2448 | PAUL MICHAEL OLIVER | TXEA921CR-000081 | OVERPAYMENT | | 100.00 | 100.00 | 0.00 |
| | | | | | | 200.00 | 200.00 | 0.00 |

**Registry Information:**

| Depository Code | Depository Name | Account Type | Account Number | Depository Total |
|---|---|---|---|---|

**U.S. Courts**
**Case Inquiry Report**
**Case Number: DTXE921CR000008; Party Number: N/A; Payee Code: N/A**
**Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y**

**Detailed Party Information:**

| Party# | Party Code | Party Name |
|---|---|---|
| 001 | TXE2448 | PAUL MICHAEL OLIVER |

**Debt Type**
SPECIAL PENALTY ASSESSMENT

| | Principal | Interest | Penalty | Total |
|---|---|---|---|---|
| **Fund** | 504100 | | | N/A |
| **Owed** | 100.00 | 0.00 | 0.00 | 100.00 |
| **Collected** | 100.00 | 0.00 | 0.00 | 100.00 |
| **Outstanding** | 0.00 | 0.00 | 0.00 | 0.00 |
| **Apportioned** | 0.00 | 0.00 | N/A | 0.00 |
| **Paid** | 0.00 | 0.00 | N/A | 0.00 |
| **Refunded** | 0.00 | 0.00 | N/A | 0.00 |
| **Available** | 100.00 | 0.00 | N/A | 100.00 |

OVERPAYMENT

| | Principal | Interest | Penalty | Total |
|---|---|---|---|---|
| **Fund** | 6855XX | | | N/A |
| **Owed** | 100.00 | 0.00 | 0.00 | 100.00 |
| **Collected** | 100.00 | 0.00 | 0.00 | 100.00 |
| **Outstanding** | 0.00 | 0.00 | 0.00 | 0.00 |
| **Apportioned** | 0.00 | 0.00 | N/A | 0.00 |
| **Paid** | 0.00 | 0.00 | N/A | 0.00 |
| **Refunded** | 0.00 | 0.00 | N/A | 0.00 |
| **Available** | 100.00 | 0.00 | N/A | 100.00 |

**Totals**

| | Principal | Interest | Penalty | Total |
|---|---|---|---|---|
| **Owed** | 200.00 | 0.00 | 0.00 | 200.00 |
| **Collected** | 200.00 | 0.00 | 0.00 | 200.00 |
| **Outstanding** | 0.00 | 0.00 | 0.00 | 0.00 |
| **Apportioned** | 0.00 | 0.00 | N/A | 0.00 |
| **Paid** | 0.00 | 0.00 | N/A | 0.00 |
| **Refunded** | 0.00 | 0.00 | N/A | 0.00 |

**U.S. Courts**
**Case Inquiry Report**
**Case Number: DTXE921CR000008; Party Number: N/A; Payee Code: N/A**
**Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y**

| **Available** | 200.00 | 0.00 | N/A | 200.00 |
|---|---|---|---|---|

# U.S. Courts
## Case Inquiry Report
### Case Number: DTXE921CR000008; Party Number: N/A; Payee Code: N/A
### Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y

**Transaction Information:**

| Document Type/Number* / Account Number | Document Date / Debt Type Line# | Accomplished Date / Debt Type | Line Type | Payee Line# | Amount | Party/Payee Name / Depository Line# | Check Number | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|
| CTC B101023DTXE921CR0000080018<br>DTXE921CR000008-001 | 10-OCT-23<br>1 | 01-NOV-23<br>SPECIAL PENALTY ASSESSMENT | PR | | 100.00 | PAUL MICHAEL OLIVER | | O | IP3 | 504100 |
| CQC TXECCA24-00018<br>DTXE921CR000008-001 | 07-DEC-23<br>2 | 29-DEC-23<br>OVERPAYMENT | PR | | 100.00 | PAUL MICHAEL OLIVER | | O | IP2 | 6855XX |

*** Document Type Legend**

| Document Type | Document Type Name |
|---|---|
| CQC | Cash Receipt - Courts CCA Manual |
| CTC | Cash Receipt - Courts CCA Automated |